UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN SALINAS-ARIAS,<br><br>Petitioner,<br><br>v.<br><br>BIRKHOLZ, Warden,<br><br>Respondent. | Case No. 2:24-cv-09561-SPG-RAO<br><br>**ORDER SUMMARILY<br>DISMISSING PETITION** |

On October 31, 2024, Petitioner Edwin Salinas-Arias ("Petitioner"), a then-federal inmate in the custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution ("FCI") in Lompoc, California, and proceeding *pro se,* filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 ("Petition"). (ECF No. 1 ("Pet.")). The Petition claims that the BOP is improperly holding Petitioner at FCI Lompoc even though he is eligible for transfer to a residential reentry center ("RRC") based on earned First Step Act ("FSA") credits. (*Id.* at 5). Additionally, the Petition alleges that Petitioner, who uses a wheelchair, is not being transferred because a RRC cannot accommodate his wheelchair use. (*Id.*). The Petition asks the Court to order the BOP to release Petitioner to home confinement. (*Id.*)

//

On November 14, 2024, Respondent filed a Motion to Dismiss the Petition, (ECF No. 7 ("Motion")), along with a declaration of a BOP program specialist and supporting exhibits, (ECF Nos. 7-1, 7-2, 7-3, 7-4, 7-5, 7-6, 7-7, 7-8). The Motion contends that the Petition should be dismissed on procedural grounds for failure to exhaust administrative remedies and failure to state a cognizable habeas claim. (Mot. at 1). Alternatively, addressing the merits of the Petition, Respondent explains that, while Petitioner is entitled to an early release date based on earned FSA credits, his medical condition requires substantial medical services that cannot be adequately met in a RRC placement or in home confinement and, consequently, the Petition should be denied. (*Id.*).

On November 18, 2024, Petitioner filed a Supplemental Statement in Support of Petition. (ECF No. 8 ("Supp. Statement")). In the Supplemental Statement, Petitioner states that he is on a diet of Ensure due to a stomach disorder. (*Id.* at 1). On November 4, 2024, the FCI Lompoc dining staff allegedly informed Petitioner that it had run out of Ensure and would not receive another shipment until December 2024. (*Id.*). Petitioner represents that he is presently on a water diet, and the staff at FCI Lompoc have been unresponsive to his situation. (*Id.* at 1–2).

On November 29, 2024, Respondent filed a Supplemental Response to the Petition, updating the Court on Petitioner's status. (ECF No. 9 ("Supp. Response")). The Supplemental Response is accompanied by a declaration from a manager at a RRC located in Long Beach, California, as well as supporting exhibits. *See* (ECF Nos. 9-1, 9-2, 9-3, 9-4, 9-5). The Supplemental Response states that the BOP reassessed Petitioner's situation and thereafter transitioned him to home detention on November 25, 2024. (Supp. Response at 3). Respondent asserts that Petitioner's release renders the Petition moot and, therefore, the Petition should be dismissed. (*Id.*).

Consistent with the update provided in Respondent's Supplemental Response, Petitioner wrote to the Court in a pleading signed on November 23, 2024. (ECF No.

1  10). In this communication, Petitioner states that he is being transferred to home
2  confinement on November 25, 2024. (*Id.*). If this happens, Petitioner says this action
3  becomes moot. (*Id.*). Thus, Petitioner asks the Court to dismiss the action without
4  prejudice if Petitioner does not file an opposition to the pending Motion by December
5  5, 2024. (*Id.* at 2).

6  To date, Petitioner has not filed an opposition to the pending Motion. Further,
7  a public records check of BOP's inmate locator shows that Petitioner is no longer in
8  BOP custody as of December 6, 2024. *See Find an Inmate*, Fed. Bureau of Prisons
9  https://www.bop.gov/inmateloc/ (last visited Aug. 4, 2025). For the following
10 reasons, the Court dismisses the Petition as moot.

11 A federal court's jurisdiction is limited to actual cases or live controversies.
12 *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "[F]ederal courts may not
13 'give opinions upon moot questions or abstract propositions.'" *Calderon v. Moore*,
14 518 U.S. 149, 150 (1996) (per curiam) (quoting *Mills v. Green*, 159 U.S. 651, 653
15 (1895)). "[W]hen an administrative agency has performed the action sought by a
16 plaintiff in litigation, a federal court 'lacks the ability to grant effective relief,' and
17 the claim is moot." *Rosemere Neighborhood Ass'n v. EPA*, 581 F.3d 1169, 1173 (9th
18 Cir. 2009) (quoting *Pub. Util. Comm'n v. FERC*, 100 F.3d 1451, 1458 (9th Cir.
19 1996)); *see also Arthur v. Milunsic*, No. CV 12-10404, 2013 WL 1890335, at *1
20 (C.D. Cal. Mar. 22, 2013).

21 In bringing this action, Petitioner sought release to a RRC placement or home
22 detention based on his earned FSA time credits. Since the filing of the Petition,
23 Petitioner has been released. Because he has obtained the relief he sought by
24 initiating this action—namely, release from BOP custody—the matter no longer
25 involves a "live controversy." *See Farnsworth v. Tewes*, No. EDCV 15-02407, 2016
26 WL 1253382, at *2 (C.D. Cal. Feb. 18, 2016) (citing *Kittel v. Thomas*, 620 F.3d 949,
27 951–52 (9th Cir. 2010) (denying petitioner's request for a protective ruling in the
28 event the government raises an argument adverse to petitioner's claim at a later date

1 because the case no longer involved a "live controversy," rendering the petition
2 moot)).  Further, Petitioner's communication with the Court acknowledges that the
3 instant action would become moot and asks that the Court dismiss the action without
4 prejudice, if he is released.  Petitioner was released on November 25, 2024.
5 Accordingly, the Petition is moot.

6     For the foregoing reasons, the Petition is dismissed without prejudice.  All
7 pending motions are denied as moot.

8     **IT IS SO ORDERED.**

10 DATED: August 13, 2025

11 _____
SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE